THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO MATOS CORREA, Defendant and Appellant.

No. 7787. Argued June 21, 1939.—Decided June 24, 1939.

*J. Ramírez Viñas,* for the appellant. *R. A. Gómez, Prosecuting Attorney* and *Luis Janer, Assistant Prosecuting Attorney,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

An information was filed against Pablo Matos Correa before the Municipal Court of San Juan, Second Section, for violation of Section 95 of the Public Service Act, committed by carrying passengers in his automobile, a public

licensed carrier, in violation of the provisions of the order of the Public Service Commission of January 4, 1938.

In a new trial had in the district court, the accused was convicted and sentenced to pay a sixty-dollar fine. He appealed to this Court and he alleges three errors as committed in his opinion by the district court, first in permitting an amendment to the information, the second in accepting certain hearsay evidence and the third in basing its judgment on vague and insufficient evidence.

[1, 2] Let us examine the first. This is a case of an appeal to a district court which, according to the law should have been based on the original information, that is, on the information filed before the municipal court. Section 3 of the Code of Criminal Procedure (1935 ed.); *People* v. *Rosario*, 50 P.R.R. 213; *Ex parte Bermúdez*, 8 P.R.R. 23. Could this information be amended in the district court? Let us see.

This Court in the case of *People* v. *Albino*, 38 P.R.R. 193, 194 and 195, through its Associate Justice Mr. Texidor, said:

"In the matter of amendments jurisprudence has established a serious difference between substantial amendments and those of form, and between those that may affect the essential and constitional rights of the defendant and those which have not that scope.

"   .    .    .    .    .    .    .    .    .

"We find in our Code of Criminal Procedure no express provision referring to amendments to complaints, but there are indications in Sections 158 and 461 of the Code of Criminal Procedure. See *People* v. *Torres*, 34 P.R.R. 290."

In that case the amendment referred to a date and it was held that as it did not affect the substantial rights of the accused, it could be made.

The case of Torres which is cited although it was not begun in a municipal court, was one in which the information was made by the grand jury and it was held that "in an indictment for murder an amendment of the surname of the deceased is one of substance. It can not be made at the trial, but only by the grand jury." Sections 158 and 461 of the

Code of Criminal Procedure are cited in the opinion and also several authorities that hold that the change of a name is a substantial amendment.

It all depends therefore on the kind of an amendment to be made. If it is substantial, it is not permitted. If it is not, it can be made.

What happenned in this case when it was called for the trial *de novo* appears from the transcript as follows:

"DEFENSE: Your Honor, this information charges that on January 16, 1938, in Ponce de León Avenue of Santurce, the accused Pablo Matos Correa, then and there, illegally, voluntarily, maliciously and criminally, without having been previously authorized by the Public Service Commission and while he drove as chauffeur the automobile No. P.–1759, acted as a public carrier carrying passengers in said vehicle and charging by the seat. There is no specific allegation of fact in the information which states that this accused then and there took a passenger on any certain stop and left him in the route of the White Star Line.

"JUDGE: The court has decided that. The fact that a passenger is taken in San Juan does not violate the final order of the Public Service Commission nor that a passenger taken at any place from Río Piedras to San Juan. What the final order prohibits and the order itself states so is the operation of a public carrier between the Municipalities of San Juan and Río Piedras or within the Municipality of San Juan or Río Piedras, and between intermediate points. The averments of the information are compatible with the fact that the passenger might have been taken in San Juan to take him to Carolina, Loíza or Bayamón, in which case the final order is not violated. The order forbids the transportation of passengers between San Juan and Río Piedras. The court grants the demurrer but allows an amendment if it is signed and sworn to by the insular policeman in the sense that the following be added: 'Between the Municipalities of San Juan and Río Piedras and within the Municipalities of San Juan and Río Piedras and between intermediate points.'

"DEFENSE: Your Honor, in this information which is sworn to before the secretary of the municipal court on January 22, 1938, the following words have been interlined: 'In and within the Municipality of Río Piedras and the municipalities of San Juan and within intermediate points.' We understand that this proceeding is in

violation of the Code of Criminal Procedure. This is an information filed on January 22, 1938, sworn to in the Municipal Court of San Juan and now an allegation which changes the information completely is interlined and the accused is surprised by the allegation of facts which are entirely foreign to the charge that he came ready to answer to on this day. He is ready to defend himself from that information and he presents a demurrer accepting that the facts are true but that they do not constitute a violation of the ordinance. I request that the case be filed away.

"JUDGE: The court believes that all the fundamental principles of criminal procedure would be violated if an information made by an insular policeman, who ignores the technical requirements of an information, could be filed away for a technicism of this kind as a consequence of which an accused that has committed a public offense could obtain the filing away of a case. On the contrary, the court is of the opinion that if an information is presented which merely has a technical defect there is nothing to prohibit the court to permit an amendment to said information in the best interest of justice. If the accused thinks that he has been surprised, the only thing to which he would have a right would be to request a reasonable term within which to answer the information and this the court would be willing to give him time if, by virtue of said allegations, he has been surprised."

In our opinion the permitted amendment was substantial and therefore the decision of the court was erroneous. This is recognized by the representative of The People himself in his brief to this Court, by the following words:

"It has also been decided that as a mere matter of form, the change or substance of an allegation which is absolutely necessary to allege the commission of an offense should not and cannot be permitted unless it is with the consent or at the petition of the accused. 31 C. J., Section 431, page 829; Section 436, page 834; 14 R.C.L., Section 38, page 192.

"It has also been decided by this Court that after a demurrer, the accused should be released, unless the court should order or permit the filing of a new complaint. *Velázquez* v. *District Court*, 35 P.R.R. 333. We understand that in this case the amendment corrected a fatally defective information and was therefore a substantial amendment and that the accused had a right to the relief provided by Section 157 of the Code of Criminal Procedure cited above.

For these reasons, in contradistinction to the case of *People* v. *Albino,* 38 P.R.R. 193, the defect here complained of was a substantial one and the rights of the accused were affected by the amendment permitted, whereby in our opinion, the first error exists.''

■ Besides this, we have examined the evidence and we find it insufficient. This conclusion is also reached by the prosecuting attorney of this Court as follows:

''Practically, the only evidence of the prosecution in this case consisted of the testimony of policeman Nazario Gómez, who testified that when he arrested the accused, there was a lady in the car and in answer to questions he made to her, she said that she had come from Hato Rey and was going to San Juan; that she did not say anything else, the arrest of the accused took place, according to the testimony of the witness, when the lady was going toward San Juan with the said lady as a passenger.''

The prosecuting attorney then transcribes the entire testimony of the accused, who sustains that the lady hired his entire car in front of the Hato Rey post-office for the amount of one dollar to bring her to San Juan, wait for her and then return with her. And he continues his argument as follows:

''We believe that in cases of this nature, the evidence should not be so vague in regard to such an important extreme as is the fact of carrying passengers for pay by the seat and especially when, as in this case, the testimony of the only witness for the prosecution is perfectly compatible with that of the accused and which places him outside of the violation imputed to him.

''In our opinion, there is a reasonable doubt in regard to the guilt of the accused and for this reason, as well as because the first error alleged by the accused-appellant has been committed by the lower court, we are of the opinion that the judgment appealed from should be reversed and the accused acquitted.''

For the foregoing reasons, the judgment appealed from should be reversed and another rendered acquitting the accused.

Mr. Justice Travieso took no part in the decision of this case.